```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

The Robert Weiler Co., et al.,:

      Plaintiffs,      :

      v.                   :      Case No. 2:07-cv-0760

Kingston Township, Ohio,  :      JUDGE WATSON
et al.,
                              :

      Defendants.

<u>ORDER</u>

    This case arises out of a rezoning application which plaintiffs filed in Kingston Township, a political subdivision located in Delaware County. Plaintiffs claim that defendants unlawfully declared a moratorium on the type of application that plaintiffs intended to submit and refused to provide them with procedures required by state law, in part because the parties had been engaged in prior litigation over the same issue.

    The original complaint pleads two separate federal constitutional claims, arising under the First and Fourteenth Amendments.  The original prayer for relief requested, among other things, an injunction which would compel the township to reevaluate the application.  Plaintiffs now seek to amend the prayer for relief to clarify that they want the Court to order defendants not just to reevaluate their application, but also to approve it.  The township defendants assert, in essence, that any such amendment would be futile because the Court is not empowered to grant that relief.  For the following reasons, the Court will grant the motion for leave to amend.

    There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an

amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim within the Court's jurisdiction or a claim upon which relief can be granted.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, is it usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, the decision is made easier by the fact that defendants have filed a motion to dismiss the complaint on jurisdictional grounds.  It would be of little value for the Court to decide some jurisdictional arguments in the context of a motion for leave to amend, and other closely-related, if not identical, jurisdictional arguments in the context of a motion to dismiss.  The interests of justice are best served by allowing all such arguments to be presented in a single motion directed to the overall issue of the Court's jurisdiction.  Therefore, the motion for leave to amend (#25) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration

by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge