IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


The Robert Weiler Co., et al.,    :

         Plaintiffs,              :

    v.                           :    Case No.  2:07-cv-0760

Kingston Township, Ohio,
et al.,                          :    JUDGE WATSON

         Defendants.             :

ORDER

    This case arises out of a rezoning application which
plaintiffs filed in Kingston Township, a political subdivision
located in Delaware County.  The Weiler plaintiffs claim that the
Kingston Township defendants unlawfully declared a moratorium on
the type of application that plaintiffs intended to submit and
refused to provide them with procedures required by state law, in
part because the parties had been engaged in prior litigation
over the same issue.  This case is currently before the Court on
a number of discovery motions.  First, Weiler has moved to compel
discovery and for sanctions relating to Kingston's responses to
various Requests for Production, Requests for Admission, and
Interrogatories.  Weiler has also moved to amend the case
schedule (#36).  Kingston has moved to quash subpoenas directed
to the Delaware County Prosecutor's Office and Michael O'Reilly
(#42).  Additionally, Weiler has filed a motion to enforce a
subpoena issued to a non-party, Poggemeyer Design Group, Inc.
(#56).  In response to the motion to enforce the subpoena,
Kingston moved for a protective order (#58).  For the following
reasons, the motion to compel will be granted in part and denied
in part, the motion to quash will be denied, the motion to

enforce the subpoena will be granted, and the motion for a
protective order will be denied.

I.

At the outset, the Court will address two issues that are
raised throughout the various responses and motions.  The first
issue is Weiler's alleged failure to comply with Southern
District of Ohio Local Rules 37.1 and 37.2.  The second is the
issue of attorney-client or work product privilege relating to
communications between Kingston and either the Delaware County
Prosecutor's Office or attorney Michael O'Reilly.

Fed.R.Civ.P. 37 and this Court's local rules both require
evidence of extrajudicial efforts to resolve discovery disputes
prior to seeking the Court's intervention through a motion to
compel or other discovery related motion.  With respect to the
motion to compel, Weiler provided affidavits from Joseph R.
Miller, trial counsel for plaintiffs, in which he certifies the
extrajudicial means which were attempted to resolve the discovery
issues in this case.  Kingston does not dispute these efforts.
Rather, it simply alleges that Weiler has misrepresented the
efforts of defense counsel to comply with the discovery requests.
Further, with respect to the motion to enforce the subpoena to
Poggemeyer, the issues underlying this motion were discussed at a
status conference held before the undersigned.

In light of counsel's certification attached to the motion
to compel and discussions held at the status conference, the
Court is satisfied that significant extrajudicial efforts were
undertaken by counsel for Weiler prior to the filing of any
discovery motion.  Consequently, Weiler's motions are properly
before the Court and the Court will not strike or deny any of
these motions for Weiler's failure to exhaust extrajudicial
efforts.

With respect to privilege issue, this issue is raised by

both the motion to compel and the motion to quash (#42).  In its motion to compel, Weiler is challenging Kingston's assertion of the attorney-client privilege or work product privilege in response to Interrogatories Nos. 6, 8, 10, and 18; Requests for Admission Nos. 18, 19, 20, 24, 25,26, and 27; and Requests for Production Nos. 8, 9, 10, 18, and 19.  In the motion to compel, Weiler asserts that these privileges are either inapplicable or have been waived.  With respect to the motion to quash subpoenas, Kingston relies on the privileges as the basis for the motion, but rather than address the issue in detail, asserts that the issue is already before the Court through the motion to compel.

The burden of establishing the protection of the attorney-client privilege rests with the person or entity asserting it. United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999)(citing In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983)).  The attorney-client privilege can be waived by disclosure of otherwise private communications to third parties. See In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d 251, 254 (6th Cir. 1996).  Similarly, the burden of establishing the work product privilege rests with the party asserting it.  Randleman v. Fidelity Nat. Title Ins. Co., 251 F.R.D. 281 (N.D. Ohio 2008).

Once Weiler challenged the assertion of either privilege, based on either inapplicability or waiver, the Kingston defendants have the burden of establishing that the communications at issue are protected and that any applicable privilege has not been waived.  Despite this well-established burden, the Kingston defendants have not even attempted to demonstrate that the communications at issue are protected by either privilege.  Instead, they have simply argued that Weiler did not comply with Local Rules 37.1 and 37.2, a contention the Court rejects.  In light of the lack of any cogent arguments supporting their claims of privilege, the Court concludes that

the Kingston defendants are not seriously relying on either of
these privileges.  Consequently, the motion to compel will be
granted as to all documents previously withheld by defendants on
grounds of either attorney-client or work product privilege
relating to discussions between Kingston and the Delaware County
Prosecutor's Office or Kingston and attorney Michael O'Reilly.
Likewise, the motion to quash the subpoenas directed to the
Delaware County Prosecutor's Office and attorney Michael O'Reilly
(#42) will be denied.

II.

Having addressed these preliminary matters, the Court will
now consider the remaining issues raised by the motion to compel.
Weiler asserts that, to the extent that Kingston has responded to
its discovery requests, the responses have been wholly
inadequate.  The Court notes that following the filing of the
motion to compel, additional records were produced during the
public records review undertaken by plaintiffs at the Kingston
Township office on April 11, 2008.  This public records review
appears to have resolved the motion to compel as it relates to
Requests for Production No. 1, No. 8, No. 9, and the Ohio Public
Records Request.  Consequently, the Court will deny the motion to
compel as moot as it relates to these requests.  The
interrogatories and requests remaining at issue include Requests
for Production No. 17 and No. 23, the request for electronically
stored information, Interrogatory Nos. 9, 11, and 14-16, and
Requests for Admission Nos. 3-5, 8, 11, 14, 17, 21, 29, 31, 35,
36 and 37.

Fed.R.Civ.P. 37(a) expressly provides that an evasive or
incomplete disclosure, answer or response to a discovery request
must be treated as a failure to disclose, answer or respond.  The
Court will examine the specific discovery responses challenged by
Weiler.

Requests for Production Nos. 17 and 23.

Weiler maintains that, although Kingston has produced documents responsive to these requests, "significant gaps" remain.  Kingston was requested to produce all meeting minutes for the Trustees and Zoning Commission from 2001 to present.  In response, Kingston asserts that all meeting minutes that can currently be located have been produced but offers to  supplement if additional minutes become available.  In reply, Weiler continues to assert that significant gaps exist.  Specifically, according to Weiler, Kingston has not produced Zoning Commission Minutes from May 2002 to January 2003, from February 2004 through June 2004, from November 2004 through March 2005, between March 2005 and June 2005, nor have they produced them for the months of August, September, and December 2005 or January, March and October 2006.  Weiler asserts that similar gaps exist in the production of the Board of Trustees' minutes.  To the extent these documents are available, the motion to compel will be granted and Kingston will be required to supplement the responses to these requests for production.

Electronically Stored Information

Weiler contends that Kingston has failed to produce or explain the absence of email communications and other electronically stored information relating to any of the requests for production.  Kingston asserts that numerous emails were produced through the public records disclosure.  Weiler argues that the incomplete e-mail production was not remedied by the review of additional documents at the Kingston Township offices on April 11, 2008.  The record appears to support Weiler's claim.  Consequently, the motion to compel will be granted and Kingston will be required to produce all electronically stored information relating to the requests for production.

Interrogatory No. 9

This interrogatory asked the Kingston defendants to "[i]dentify the date of which the Zoning Commission passed any motion or made any recommendation concerning the adoption of any growth moratorium." Kingston has objected, stating that the use of the term "growth moratorium" is not accurate. Further, without waiving the objection, Kingston referred to the resolution provided, January 3, 2007. Weiler argues that indicating the date on which the resolution was passed by the Township is not responsive to the this interrogatory relating to the date it was passed by the Zoning Commission.

The Court agrees that the response does not specify the date the Zoning Commission took the described action. Consequently, Kingston will be directed to supplement this answer.

Interrogatory No. 11

This interrogatory asks the Kingston defendants to "[i]dentify the individuals on the Zoning Commission that proposed a growth moratorium and identify any individual(s) that advocated for, or supported the Moratorium." Kingston responded "all of the Zoning Commissioners." Weiler argues that this is a factual impossibility. In response, Kingston asserts that it is entirely possible that all of the Zoning Commissioners "advocated for, or supported" the moratorium. Weiler maintains that Kingston has not responded to the portion of this interrogatory that seeks identification of the specific individuals who "proposed" a growth moratorium. The Court agrees that it is unclear from the response whether all of the Zoning Commissioners proposed a growth moratorium or simply "advocated for and supported" it. Consequently, Kingston will be required to clarify this interrogatory response.

Interrogatory Nos. 14 and 15

Interrogatory Nos. 14 and 15 ask the Kingston defendants to "[s]tate all facts that support your assertion that this Court

lacks jurisdiction pursuant to 28 U.S.C. §1343(a)(3)" and to
"[s]tate all facts supporting your assertion that this litigation
is not ripe for review as asserted in ¶63 of the Complaint and
denied by Defendants in ¶3 of the Answer of Defendants.  Kingston
has responded, "Objection, attorney work product and
attorney/client privileged communication.  Unknown, as our
counsel raised this defense" to each of these interrogatories.

Fed.R.Civ.P. 26(b)(1) permits discovery regarding any non-
privileged matter relevant to a party's defense.  These
interrogatories clearly relate to issues regarding the defense to
Weiler's claims.  As discussed above, Kingston has not
demonstrated the existence of any privilege.  Further, a party
may not refuse to provide information in response to an
interrogatory simply because responsive information is possessed
by the party's attorney.  See Wilson Land Corp. v. Smith Barney,
Inc., 2000 WL 33672980, *6 (E.D.N.C. December 8, 2000) (a
"response indicating that a plaintiff does not have the knowledge
to answer an interrogatory is not adequately responsive if
counsel for that plaintiff has access to the information and can
disclose it.").  If the rule were otherwise, parties to
litigation could conceal large amounts of factual information
simply by allowing their attorneys to uncover all relevant facts
and then declining to ask counsel for the results of the
investigation.  As the Wilson Land decision noted, see id., such
an objection like the one interposed here is "groundless."
Consequently, the motion to compel will be granted and Kingston
will be directed to respond to these interrogatories.

Interrogatory No. 16

This interrogatory states "Identify all persons who drafted,
reviewed, or were consulted regarding the Moratorium and
specifically describe the nature of each person's involvement in
the drafting or reviewing of, or consulting on the Moratorium."

Defendants have responded, "Objection, attorney/client privileged communication and attorney work product. Without waiving said objection, Tom Bowlus, Poggemeyer, and the Defendants would have read it before it was adopted."

The Court agrees that the answer is not completely responsive to the interrogatory and Kingston will be directed to clarify or supplement its response.

<u>Requests for Admission Nos. 3-5, 8, 11, 14, 36 and 37</u>

Weiler contends that these requests for admission ask for a specific application of law to fact in accordance with Fed.R.Civ.P. 36. In response, Kingston asserts that Weiler is asking the defendants to admit to statutory language or premises of law rather than offer an opinion or application of law to a fact. In reply, Weiler argues that Kingston is not being requested to make conclusory interpretations of law but to admit or deny whether specific statutory provisions apply to the facts of this case.

The Court agrees that these requests for admission ask for a specific application of law to fact in accordance with Fed.R.Civ.P. 36. Consequently, the motion to compel will be granted with respect to these requests for admission and Kingston will be directed to respond.

<u>Request for Admission No. 17</u>

This request for admission asks for an admission that in 2004 Weiler successfully challenged a referendum petition for the rezoning of the NorthStar property. Kingston asserts that the request is vague and non-specific and that the decision "speaks for itself." Weiler contends that this request seeks a direct statement of fact which is relevant to this litigation. The Court agrees that this request seeks a direct statement of fact that is relevant to this litigation. Consequently, the motion to compel will be granted with respect to this request for admission

and Kingston will be directed to respond.

### Request for Admission No. 29

Request for Admission No. 29 asks for an admission that, on May 29, 2007, an official of the Zoning Commission informed plaintiffs that the Pastures rezoning application would not be accepted because of the Moratorium. In response, Kingston states "the May 29, 2007 letter speaks for itself." Weiler requests that the Kingston defendants be directed to admit or deny this Request for Admission. In response, Kingston contends that the existence of the letter or its content has not been denied. Weiler contends that the response that the letter "speaks for itself" is not a permissible answer under the federal rules. The Court agrees. See Miller v. Holzmann, 240 F.R.D. 1, 4 (D.D.C. 2006) (such a request for admission "should be admitted if the quotation [from the document] is accurate and denied if it is not," and the "document speaks for itself" objection is both "tautological" and "a waste of time..."). Kingston will be directed to respond in accordance with the federal rules.

### Requests for Admission Nos. 21, 31, and 35

Weiler contends that these requests for admission also seek the admission of a direct statement of fact and the Kingston defendants have refused to answer. In response, with respect to Nos. 21 and 31, Kingston asserts that these are a request for a legal conclusion not applied to fact and that they have been admitted in part and denied in part. With respect to No. 35, the Kingston defendants maintain that they have "outright denied it." In reply plaintiffs state that they will accept the clarified answer to No. 35.

A review of the response to Request for Admission No. 35 indicates that it has been denied. Consequently, the motion to compel will be denied as moot with respect to Request for Admission No. 35.

With respect to Request Nos. 21 and 31, the Court agrees
that these requests seek the admission of a direct statement of
fact and Kingston will be required to respond.

III.

Through the motion to compel Weiler also seeks both an
amendment of the case schedule relating to the disclosure of
expert witnesses and the costs related to the filing of the
motion to compel as sanctions against Kingston.  Turning first to
the request to amend the case schedule, the Kingston defendants
argue that this request should be denied because the motion to
compel was contrived solely for purposes of allowing Weiler to
avoid the expert disclosure deadline.  There is absolutely no
support in the record for this accusation.  As noted above,
almost all of the objections which Kingston interposed are either
unsupported or legally insufficient.  Further, the Court agrees
that an extension of the deadline for disclosing expert witnesses
is reasonable in light of the discovery dispute in this matter.
Consequently, the deadline for Weiler's expert disclosure will be
extended to a date 60 days from the date of this order.
Kingston's expert disclosure will be due 60 days thereafter.

With respect to Weiler's request for sanctions relating to
the motion to compel, Fed.R.Civ.P. 37 governs sanctions for a
party's failure to make or cooperate in the discovery process.
Certainly, "[c]omplete and accurate responses to discovery are
required for the proper functioning of our system of justice."
JP Morgan Chase Bank v. Neovi, Inc., No. 2:06-CV-0095, 2006 WL
3803152 at *5 (S.D. Ohio Nov. 14, 2006)(quoting Wagner v. Dryvit
Systems, Inc., 208 F.R.D. 606, 609)).  Further, "[p]arties must
respond truthfully, fully and completely to discovery or explain
truthfully, fully, and completely why they cannot respond.
Gamesmanship to evade answering as required is not allowed."  Id.
(quoting Miller v. Pruneda, 2004 WL 3927832 (N.D.W.Va. July 20,

2004)).  It is with these standards in mind that Weiler's request
for sanctions will be considered.

As set forth above, there is no question that Kingston has
not defended the blanket use of the attorney-client or work
product privileges in response to numerous discovery requests.
Further, it is evident, as discussed above, that Kingston has not
completely responded, nor fully explained its alleged inability
to respond, to various other discovery requests.  The types of
objections it made here have been summarily dismissed by other
courts.  Certainly, this activity on Kingston's part, at a
minimum, is at odds with the spirit of the federal rules relating
to discovery, and this is a close case for sanctions, even in a
Court which has historically not needed to impose discovery
sanctions often because counsel in this Court are usually aware
of their obligations to provide adequate discovery and not to
assert boilerplate or groundless objections.  If Kingston chooses
to continue in this manner, the Court may well impose sanctions
in the future.

IV.

Turning to the remaining discovery motion, Weiler contends
that non-party Poggemeyer has been properly served with a
subpoena pursuant to Fed.R.Civ.P. 45.  According to Weiler,
Poggemeyer did not object to the subpoena and Kingston did not
file a motion to quash certain responsive documents that are now
being withheld.  In response, Kingston has identified three sets
of documents as not discoverable:  the NorthStar documents,
attorney-client privileged documents, and non-designated
expert/consultant work product documents.   According to
Kingston, the NorthStar documents are not relevant to this
lawsuit, certain documents are subject to attorney-client
privilege, and the remaining withheld documents are the
privileged work product of Poggemeyer with regard to potential

expert testimony in this case. Kingston seeks a protective order with respect to all the withheld Poggemeyer documents. In reply, Weiler contends that the NorthStar documents are relevant, that none of the responsive documents can be withheld on grounds of either attorney-client or work product privilege, and that even if Poggemeyer is an expert witness, the documents are being improperly withheld.

With respect to the NorthStar documents, the Court agrees that, based on the allegations of the Complaint and Amended Complaint, these documents are relevant. Weiler specifically alleges that the NorthStar project is an underlying basis for their claims here. Consequently, the motion to enforce the subpoena will be granted and the motion for a protective order will be denied as to the NorthStar documents.

Kingston is asserting the attorney-client privilege with respect to three types of documents. One document contains comments from attorney Michael O'Reilly on the draft of a new PRD zoning resolution. Another document contains communications from Kingston's counsel to his clients. The final document is a set of internal Poggemeyer documents that contain communications between Poggemeyer's counsel and a Poggemeyer representative. With respect to the first document, Weiler claims that it is not related to the retention of Poggemeyer as a litigation consultant and is therefore discoverable. With respect to the second document, Weiler contends that any privilege that may have attached is waived by the fact that it is in possession of a third party. For the reasons asserted, the Court agrees that these documents are discoverable. Consequently, the motion to enforce the subpoena will be granted and the motion for a protective order will be denied as to these documents.

Finally, with respect to the remaining Poggemeyer documents, to the extent that Kingston is asserting attorney-client

privilege, the Court agrees with Weiler that the privilege is
Poggemeyer's to assert and it has not done so.  Further, to the
extent Kingston is claiming that these documents are protected by
the work-product privilege because Poggemeyer is a potential
expert in this case, the Court does not agree.  The record in
this case reveals that Poggemeyer has been retained by defendants
for work on various projects from 2004 through 2008.  See Doc.
#60 Exhibit C.  There is no information in this case to support
Kingston's claim that Poggemeyer is a litigation consultant
employed in anticipation of this litigation as contemplated by
Fed.R.Civ.P. 26.  As a result, as this case currently stands,
Poggemeyer is nothing more than a fact witness.  Kingston has
provided nothing beyond an unsupported assertion to persuade the
Court otherwise.  Consequently, the motion to enforce the
subpoena will be granted as to these Poggemeyer documents and the
motion for a protective order will be denied.

V.

Based on the foregoing, the motion to compel (#36) is
granted in part, and denied in part, as set forth above.  The
defendants shall respond to the specified discovery requests
within fifteen days.  The case schedule in this case is amended
to provide that plaintiffs shall identify their experts within 60
days and defendants shall identify their experts within 60 days
thereafter.  Further, the motion to quash (#42) is denied, the
motion to enforce the subpoena as to Poggemeyer Design Group,
Inc. (#56) is granted, and the motion for a protective order
(#58) is denied.  Those documents shall also be produced within
fifteen days.

Any party may, within ten (10) days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge